UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 24- cv-81421- DIMITROULEAS

PEDRO E. JUAN,
On his own behalf and all
others similarly situated,

    Plaintiff,

v.

HEMATITE LAND PARTNERS LLC;
HEMATITE AGGREGATES LLC;
PARTNERSHIP REPRESENTATIVE MANAGEMENT LLC;
ORENSTEIN-SCHULER GROUP LLC;
ORNSTEIN-SHULER INVESTMENTS LLC;
ORNSTEIN-SCHULER CAPITAL PARTNERS LLC;
WEIBEL & ASSOCIATES, INC.;
ECOVENTURES LLC;
GALT MINING LLC;
JASON D. BROWN,

    Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS

THIS CAUSE is before the Court on Defendants' Hematite Land Partners LLC, Hematite Aggregates LLC, Partnership Representative Management LLC, Ornstein-Schuler Capital Partners LLC, Ornstein-Schuler Group LLC, Ornstein-Schuler Investments LLC, Ecoventures LLC, and Galt Mining LLC (collectively "Entity Defendants") Motion to Dismiss, filed herein on July 21, 2025 [DE 81], Jason Brown's Motion to Dismiss, [DE 82], and Defendant Weibel & Associates, Inc's Motion to Dismiss [DE 80], filed the same day (the "Motions"). The Court has reviewed the Motions [DEs 80, 81, 82], and, where applicable, the accompanying memorandum of law. The Court has also considered Plaintiff's responses [DEs 86, 87, 88] and Defendants' replies [DEs 90, 91, 92] and is otherwise fully advised.

I.  BACKGROUND

Plaintiff's Amended Class Action Complaint alleges a multi-year scheme, between 2018 and "continuing to this day," to induce Dr. Juan and hundreds of other investors to participate in a "syndicated conservation easement strategy." [DE 77] ¶¶ 1, 99. The scheme allegedly worked as follows. Defendants distributed promotional materials to investors, soliciting an investment in a plot of land. Defendants promised the possibility of a charitable contribution deduction worth at least two and a half times their contribution. *Id.* ¶ 58. Defendants worked with appraisers who recommended the best use of the land as a conservation easement. *Id.* ¶ 8. These appraisers misrepresented the value of the land and its value as a conservation easement. *Id.* Investors, relying on these appraisals, sent funds for the conservation easement, and Defendants executed a deed of conservation easement. *Id.* ¶ 12. Defendants then issued a Form K-1s to the investors, reflecting their investment in the conservation easement as a charitable contribution deduction ¶ 10. The investors filed the Form K-1 on their personal tax returns. *Id.*

Investors were injured when the IRS "indicated it will disallow the charitable deductions" and in most cases "has already disallowed the deductions at the partnership level as well as its intent to disallow them at the individual level." *Id.* ¶ 12. Some investors have also been exposed to criminal liability or have been assessed back taxes or penalties. *Id.* ¶¶ 11, 12. The IRS had previously flagged these types of investments as potentially fraudulent; Defendants were therefore on notice that their transactions would be scrutinized. *Id.* ¶ 59.

Accordingly, Plaintiff brings ten causes of action against all Defendants for their individual and collective involvement in the improper scheme as follows: violations of the Federal Civil RICO statute (Count I); conspiracy to violate the Federal RICO Statute (Count II); violation of the Florida RICO Statute (Count III); negligence (Count IV); negligent misrepresentation (Count V);

breach of fiduciary duty (Count VI); aiding and abetting breach of fiduciary duty (Count VII); fraud (Count VIII); recission (pled in the alternative); (Count IX); civil conspiracy (Count X). Plaintiff also asserts one count for unauthorized practice of law against Jason Brown, only. (Count XI).

## II.     STANDARD OF LAW

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

### III.     DISCUSSION

This Court previously dismissed Plaintiff's Complaint [DE 1] as a shotgun pleading. *See* [DE 76]. In its Order, the Court explained the reasons for dismissal: (1) the Complaint "group[ed] all Defendants into a single entity without meaningfully parsing which Defendants are allegedly responsible for what."; (2) and "fail[ed] to parse the individual defendants and their individual actions," leaving the "relationship among and between Defendants is unexplained, such that the Court cannot determine how each Defendant was involved in the alleged scheme and which allegations can be attributed to which Defendant." *Id.* pp. 4–5. The Order detailed the allegations causing confusion and explained that the Court could not "equitably determine whether the Complaint states a claim as to each respective Defendant." *Id.* p. 5. The Court further stated that a "failure to cure these deficiencies may result the Court dismissing any amended complaint *with prejudice*." *Id.* p. 6.

Upon close review of the Amended Complaint, the motions to dismiss, and all briefing thereto, the Court finds that the Amended Complaint suffers from the same inadequacies as the original Complaint and, as such, is subject to dismissal with prejudice.

The Eleventh Circuit has identified "four rough types or categories of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id.* at 1323. And the final type of shotgun pleading is a complaint

4

that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

### a. Shotgun Pleading: Category Four

The Amended Complaint once again falls into the fourth category. In his Amended Complaint, Plaintiff asserts eleven counts against ten Defendants. Yet Plaintiff still fails to distinguish which allegations, as well as which counts, apply to which Defendants, making it impossible to determine whether the Amended Complaint states a claim with respect to each individual defendant. Plaintiff brings all claims against all Defendants (with the exception of Count XI against Jason Brown for "Unauthorized Practice of Law."). And Plaintiff still refers to Defendants collectively in every portion of the Amended Complaint. *See, e.g.*, [DE 77] ¶¶ 1, 5–9, 12–15, 17, 35–38, 49–50, 54–55, 57, 59–61, 63–69, 72–73, 75–77, 79–81, 83–89, 91–94, 96, 99–101, 104, 106–109, 113–114, 116–121, 123–124, 127, 129– 130, 134–135, 137, 139–140, 142–147, 149, 151, 153, 154–155, 157–161, 164–168, 170–178, 181–186, 189–192, 194–195, 197–201, 203–207, 210–211, 215–219.

Even worse, Plaintiff either entirely fails, or makes only a limited effort, to cure the specific deficiencies identified by this Court in its previous Order. The Court's previous Order stated:

> Similarly, Plaintiff fails to parse the individual defendants and their individual actions. The relationship among and between Defendants is unexplained, such that the Court cannot determine how each Defendant was involved in the alleged scheme and which allegations can be attributed to which Defendant. For example, as to the "Sponsor" or alleged orchestrator of the scheme, Plaintiff makes no direct allegation of who this sponsor was, instead giving an *example* of who a sponsor *might* be. *See* [DE 1] ¶ 45 ("First, a 'Sponsor' (e.g., Ornstein-Schuler or an affiliate) obtains a majority interest in property from a third party"). Even if Defendants and the Court could glean from this allegation that Ornstein Schuler was the alleged sponsor, Plaintiff fails to allege *which* of the Ornstein Schuler entities was the alleged sponsor. There are three Ornstein Schuler defendants and at no point does

>       Plaintiff explain the relationship among the three, nor their respective roles in the alleged scheme.

[DE 76] p. 5. Plaintiff *still* has not alleged which of the Ornstein Schuler entities was the alleged "sponsor" of the scheme, alleging only that "OSI functioned as a Sponsor of the SCE Strategy." [DE 77] ¶ 93. The Amended Complaint also still contains this confusing "example" language. *Id.* ¶ 55 ("First, a "Sponsor" (e.g., OSI or an affiliate) obtains a majority interest in property from a third-party"). The Court also explained in its last Order:

>       Likewise, it's not clear what the alleged relationship is between the three Ornstein Schuler Defendants, Hematite Partners LLC, Hematite Aggregates LLC, and Jason Brown. Plaintiff alleges that "an OSI affiliated entity" "formed and managed" "Hematite Partners LLC." [DE 1] ¶ 60. But Plaintiff does not define the acronym "OSI" or allege *which* affiliated entity formed Hematite Partners, LLC.

[DE 76] pp. 5–6 . Plaintiff's newest complaint makes the identical allegation: that the "Hematite Partners (the "Hematite Syndicate"), a company formed and managed by an OSI-affiliated entity." [DE 77] ¶ 69. Plaintiff still does not explain which of the OSI Defendants formed Hematite Partners, nor what an "OSI-affiliated entity" is, or whether that entity is even a named defendant. Finally. the Court also previously stated:

>       Nor is it clear what the relationship is between Hematite Partners LLC and Hematite Aggregates, LLC. The Complaint only says: "[t]he Promotional Materials invited potential participants, including Dr. Juan, to purchase an ownership interest in [Hematite Partners LLC] and informed them that the Hematite Syndicate would, in turn, purchase an ownership interest in Hematite Aggregates LLC." [DE 1] ¶ 61. The Court strains to interpret this sentence as alleging a comprehensible organizational chart. The Complaint tells us only what the promotional materials stated but does not directly allege what the relationship between these entities is.

[DE 76] p. 6. The newest complaint still contains this *identical* limited allegation without further explanation: "The Promotional Materials invited potential participants, including Dr. Juan, to purchase an ownership interest in the Hematite Syndicate and informed them that the Hematite

Syndicate would, in turn, purchase an ownership interest in Hematite Aggregates LLC." [DE 77] ¶ 70.

At most, Plaintiff makes the additional allegations that:

- Hematite Aggregates is a "company that intend[ed] to purchase up to 98% of the Property Owner's membership interests." *Id.* ¶ 20
- Ornstein-Schuler, Ecoventures, Galt Mining and PRM worked with Hematite Aggregates, as property owner, and Hematite Land, as investor. *Id.* ¶ 29.

In the context of the messy allegations outlined above, these two meager statements do little in the way of clarification.

Additionally, although Plaintiff makes some attempt to delineate the roles of each Defendant in Plaintiff's RICO allegations, *see Id.* ¶ 93, this attempt is still inadequate. At most, Plaintiff delineates the roles of the OSI Defendants, Weibel, and Galt Mining LLC—but names no other Defendants. And no delineation is attempted whatsoever for the remaining ten counts.

This type of group pleading, even in the context of an alleged conspiracy, in impermissible. "The Court cannot condone [Plaintiff's] attempt to circumvent the pleading requirements of Fed. R. Civ. P. 8 by attributing every act alleged to all the defendants, acting collectively as co-conspirators in a complex scheme or as co-agents in a common system . . . To allow such a pleading would place an unjustifiable burden on Defendants and the Court to take on the virtually impossible task of 'ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant.'" *Kreiger v. Aurora Loan Servs., Inc.*, No. 1:09-CV-1034-TCB, 2009 WL 10664660, at *3 (N.D. Ga. Oct. 7, 2009) (quoting *Beckwith v. Bellsouth Telecomms., Inc.,* 146 Fed.Appx. 368, 373 (11th Cir. 2005)); *accord Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021).

The concern here is practical. Clearly, not *all* allegations apply to each Defendant. For example, the only specific, substantive allegation against Ecoventures LLC and Galt Mining LLC reads as follows: "The HBU determined by the appraisers relied on equally improper land development and mining reports (upon information and belief prepared by Ecoventures LLC and Galt Mining LLC)." [DE 77] ¶ 64. Likewise, the only substantive allegation against Partnership Representative Management, LLC is that it "provides consulting services to the partnership as the partnership representative should the IRS audit the partnership." *Id.* ¶ 21, and "worked with Hematite Aggregates, as property owner, and Hematite Land, as investor." *Id.* ¶ 29. With respect to Jason Brown, there are *no* individualized allegations, apart from those in Count XI for "unauthorized practice of law." *Id.* ¶¶ 223–227. Yet, Plaintiff still incorporates *all* allegations against these Defendants, lumping them into the allegations against "Defendants" generally.

Even if this Court could proceed to the merits on an assumption that Defendants were all equally responsible for the alleged conduct, key allegations equivocate with respect to *whether* "Defendants" took the alleged action. *See Id.* ¶ 69 ("Dr. Juan and other members of Plaintiffs' Class received Promotional Materials from **Defendants' representatives** via email about participating in the SCE Strategy through Hematite Partners."); *Id.* ¶ 72 ("Defendants (**either directly or indirectly**) promised, represented to, and assured the Plaintiffs that these tax deductions from the SCE Strategy were in full compliance with § 170(h) of the Code and all other relevant and applicable laws, rules and regulations"); *Id.* ¶ 129 ("From 2018 through the present, **some or all of Defendants** provided information which, when sent to Plaintiff and other Class members as part of his tax preparation, contained material misrepresentations and/or omissions."). This Court is simply at a loss attempting to decipher whether the allegations state a claim regarding each count as to each Defendant—making a merits-based evaluation impossible.

The Court furthermore takes judicial notice of the docket entries in the parallel case, *Turk v. Morris, Manning & Martin, LLP*, Case No. 20-02815 (N.D. Ga. 2020), which heavily mirrors the allegations in the Amended Complaint here, though includes a different set of defendants, with some overlap. A glance at the most recent iteration of the complaint in that case [DE 349] reveals that the plaintiffs there took pains to compile a 283-page pleading that expressly detailed the roles of each defendant, such that the Court was able to parse the allegations as among them and issue an Order on the merits of the motion to dismiss (granting it in part and denying in part). *See id.* [DE 402]; *see also Turk v. Morris, Manning & Martin, LLP*, 593 F. Supp. 3d 1258, 1274 (N.D. Ga. 2022) (order on previous motion to dismiss). Not so in the 69-page Amended Complaint here, where Plaintiff has obviously copy-and-pasted the bulk of the background allegations in the hopes that the Court will fill in the gaps with respect to how those facts apply to the Defendants named in this action.

      b.  *Shotgun Pleading: Category Two*

Additionally, and in the alternative, the Amended Complaint falls within the second category of shotgun pleadings by indiscriminately incorporating and repeating 108 numbered paragraphs of factual allegations—spanning 34 pages—into all eleven counts, "without any effort to connect or separate which of those [108] factual allegations relate to a particular count. As a result, these [eleven] counts include factual allegations that are immaterial to the underlying causes of action," *Barmapov*, 986 F.3d at 1325. *See* [DE 77] ¶¶ 131, 148, 162, 169, 180, 188, 196, 202, 209, 214, 221.

> c. *Shotgun Pleading: Conclusory Allegations*

Finally, "[i]f these problems were not enough to make [Plaintiff's] [] amended complaint a shotgun pleading, the [amended] complaint also includes numerous vague and conclusory allegations." *Barmapov*, 986 F.3d at 1325. And to the extent that any or all of Plaintiff's eleven counts sound in fraud, these failures are compounded by the fact that Plaintiff is required to meet a 9(b) "particularity" standard. *See ADT LLC v. Vision Sec., LLC*, No. 13–81197–CV–HURLEY/HOPKINS, 2014 WL 11512215, at *1 (S.D. Fla. Jan. 15, 2014).

Plaintiff alleges that he and Class members received "materials" from "Defendants'" unnamed "representatives" about the "Hematite Syndicate," where "Defendants (either directly or indirectly) promised, represented to, and assured" Plaintiff that purported tax deductions were "in full compliance." (Id. ¶¶ 69–71). Among other omissions, Plaintiff does not state when or how he invested, the amount he supposedly contributed, or the losses he purportedly incurred. Plaintiff alleges no clear injury—whether he was assessed back taxes, penalties, faces criminal prosecution, or had the deduction disallowed, and instead only alleges injury in generalities. Without specifics, the Amended Complaint fails for this reason as well.

## IV. CONCLUSION

"When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). Here, Plaintiff was represented by counsel; the Court provided an opportunity to amend, and Plaintiff "squandered that opportunity by filing another shotgun pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motions [DEs 80, 81, 82] are **GRANTED**;

2. The Amended Complaint [DE 77] is **DISMISSED WITH PREJUDICE**;

3. The Clerk is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 17th day of October, 2025.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record